Earnest Lucian VANDIVER, Appellant,

v.

Joan Jankow VANDIVER, Appellee.

No. 13–97–417–CV.

Court of Appeals of Texas,
Corpus Christi.

July 29, 1999.

Opinion Overruling Motion for
Rehearing Oct. 14, 1999.

Shawn R. Casey, Houston, for Appellant.

William W. Morris, Zimmerman, Axelrad, Meyer & Wise, Houston, for Appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and HILL.[1]

## OPINION

Opinion by Justice JOHN HILL (Assigned).

Earnest Lucian (E.L.) Vandiver appeals from the decree of divorce that dissolved his marriage with Joan Jankow Vandiver.

He presents two issues on appeal: whether the trial court erred by mischaracterizing certain property as Joan's separate property and, if so, whether the court's overall property division must be set aside as not being just and right. We affirm.

The first issue presented is whether the trial court erred by mischaracterizing certain property as Joan's separate property. The property involved consists of approximately $500,000 worth of investment accounts. E.L. indicates that he is attacking the factual sufficiency of the evidence to support the trial court's finding that these assets were Joan's separate property.

Findings of fact in a case tried to the court have the same force and effect as a jury's verdict on special issues. *See Gregory v. Sunbelt Savings, F.S.B.,* 835 S.W.2d 155, 158 (Tex.App.—Dallas 1992, writ denied). In reviewing a factual sufficiency point of error, we consider all of the evidence and reverse the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is wrong and manifestly unjust. *Id.*

The property at issue here involves a certificate of deposit, an annuity contract, a number of mutual funds, and certain brokerage accounts. Evidence was presented that Joan, who had worked as a legal secretary, tried to keep her separate property separate. She sought to segregate money that she had before the marriage in separate accounts. In the later years of the marriage, she received substantial sums from her mother in the form of gifts. Her mother also gave her husband and daughter gifts. E.L. always wrote Joan a check in the amount of his gift. While all of those funds initially went into a joint savings account, Joan subsequently transferred the money to an account in which only separate property was

1. Retired Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

placed. She indicated that she invested in mutual funds that would generate capital gains, as opposed to dividends or interest. Annually, E.L. signed a document indicating that the property at issue was Joan's separate property. Nevertheless, both parties acknowledged that the origin of the property in the separate property accounts could not be traced.

There is a statutory presumption that all property possessed by husband and wife at the time of the dissolution of their marriage is community property. *See* TEX. FAM. CODE ANN. § 3.003(a) (Vernon's 1997). To show otherwise, the spouse must trace and clearly identify the property claimed as separate property. *See Estate of Hanau v. Hanau,* 730 S.W.2d 663, 667 (Tex.1987), (citing *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex.1965)). Inasmuch as Joan was unable to trace the property and meet this burden, we hold that the evidence is insufficient to support the trial court's characterization of the property as Joan's separate property.

If, however, the trial court mischaracterizes property in its division of the marital estate, the error does not require reversal unless the mischaracterization would have had more than a *de minimis* effect on the trial court's just and right division of the property. *See McElwee v. McElwee,* 911 S.W.2d 182, 189 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Hunt v. Hunt,* 952 S.W.2d 564, 568 (Tex. App.—Eastland 1996, no writ). In this case, although the value of the property mischaracterized is great, the trial court found that its property division is just and right, regardless of any mischaracterization of the property. Consequently, the mischaracterization did not affect the trial court's just and right division of the property. We therefore overrule issue number one.

E.L. urges in issue number two that the trial court's overall division of the property must be set aside as not being just and right due to the trial court's mis-

characterization of the property. E.L. argues, based upon the value of the property, that the just and right division would be affected in more than a *de minimis* fashion by the trial court's mischaracterization.

E.L. relies upon *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985); *McElwee v. McElwee,* 911 S.W.2d at 190; and *Bradley v. Bradley,* 725 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1987, no writ). These authorities support the principle that we have already referred to, that there must be a reversal if the mischaracterization affected the trial court's just and right division. As we have noted, however, the mischaracterization did not affect the just and right division in this case because the trial court found that its property division was just and right, regardless of any mischaracterization. There was no such finding made in any of the cases relied upon by E.L.

Community property need not be equally divided. *See Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981). In making a division of the property, the trial court may consider such factors as the spouses' capacities and abilities; benefits which the party not at fault would have derived from continuation of the marriage; business opportunities, education, relative physical conditions, relative financial condition and obligations; disparity of ages; size of separate estates; and the nature of the property. *Id.* The consideration of a disparity in earning capacities or incomes is proper and need not be limited by necessitous circumstances. *Id.* We must presume that the trial court exercised its discretion properly, and we are not to disturb that discretion on appeal unless a clear abuse of discretion has been shown. *See Vallone v. Vallone,* 644 S.W.2d 455, 460 (Tex.1982).

The trial court found that evidence was presented supporting the following factors for consideration by the court: (1) E. L.'s greater·earning power and ability to sup-

port himself; (2) his education and further employability; (3) his fault in the breakup of the marriage; (4) Joan's need for further support; (5) the nature of the property involved in the division; (6) E. L.'s failure to follow court orders; (7) Joan's health problems; (8) needs of the child of the marriage; (9) community indebtedness and liabilities; (10) reimbursement; (11) the size and nature of the separate estates; and (12) attorney's fees to be paid by each party. We hold that the trial court did not abuse its discretion in finding that the division of the property is just and right. E.L. makes no claim that the evidence does not support these findings or that these factors, taken together, do not support the trial court's division of the property as being a just and right division, assuming the disputed property is community property. We overrule E. L.'s second issue.

The judgment is affirmed.

### OPINION ON REHEARING

Earnest Lucian Vandiver contends on rehearing that we erred in upholding the trial court's division of the marital estate, despite the mischaracterization of a significant amount of that property. We overrule E. L.'s motion for rehearing because the trial court did not abuse its discretion in finding that the property division is just and right, notwithstanding any mischaracterization of the property.

In a suit for divorce, the trial court is to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. TEX. FAM. CODE ANN. § 7.001 (Vernon, 1998). We interpret the court's findings in this case to mean that the court would divide the property in the same way, finding that it is a just and right division, regardless of whether the property in question is separate or community. As we noted in our original opinion, E.L. has made no contention in this appeal that the trial court abused its discretion in making

such a finding on the basis that the evidence is insufficient to support the finding or that the factors set forth in *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981), do not support the finding. In view of the trial court's finding, E.L. has the burden on appeal to show that the trial court abused its discretion in making the just and right division. This he has failed to do.

E.L. contends that the trial court's finding that the division is just and right, assuming the disputed property to be Joan's separate property, conflicts with its finding that the division is just and right in the event the disputed property is really community property. Given the facts of this case, we hold that these findings are not in conflict because under the evidence the trial court could reasonably make both determinations.

E.L. argues on rehearing that he is challenging the factual sufficiency of the evidence, but he made no such assertion in his original brief. In any event, the trial court has broad discretion in dividing the estate of the parties, and that division should be corrected on appeal only when an abuse of discretion has been shown. *See Murff,* 615 S.W.2d at 698; *Zieba v. Martin,* 928 S.W.2d 782, 786 (Tex.App.— Houston [14th Dist.] 1996, no writ). Under this standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but merely relevant factors in assessing whether the trial court abused its discretion. *Zieba,* 928 S.W.2d at 786. Our task is to determine whether the trial court abused its discretion by making a division that was manifestly unjust and unfair. *See Dorfman v. Dorfman,* 457 S.W.2d 417, 419 (Tex.Civ.App.—Texarkana 1970, no writ). We hold that in view of the evidence as we have outlined it in our original opinion, including the evidence of the large gifts made by Joan's mother, the manner in which the parties treated those gifts, and evidence relating to the factors set forth in *Murff,* the trial court's division of the property is consistent with

the evidence and is not manifestly unjust and unfair. It was not unreasonable for the trial court to determine, based upon that evidence, that Joan should be awarded the property in dispute, with the remaining property divided as stated, even if the trial court were mistaken as to the separate or community nature of the property.

E.L. argues that the division was manifestly unjust because, in making the division, the trial court failed to include the disputed mischaracterized assets as part of the community. To the contrary, the trial court held that the property division was just and right, even if the disputed mischaracterized assets were considered part of the community.

E.L. asserts that by affirming the trial court's judgment we have improperly imposed our own just and right division. However, it is the trial court, not this court, that found the division of the property just and right, notwithstanding any mischaracterization. E.L. relies upon *Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex.1985). We find that case to be distinguishable. In *Jacobs*, the court of appeals had found that the trial court erred in making its determination of two reimbursement claims involved in the division of property and that it erred by mischaracterizing certain properties. *Id.* at 732. The court of appeals, although it appeared to have recognized that the error as to the reimbursement claim materially affected the division of the property, had modified the trial court's property division by rendering judgment on the reimbursement claims and by limiting its remand to the specific properties found to have been mischaracterized. *Id.* The supreme court held that where there is reversible error affecting the "just and right" division of the community estate, the court of appeals must remand the entire community estate for a new division. *Id.* at 733.

We find *Jacobs* to be distinguishable because, in that case, the court of appeals, apparently recognizing that the error ma-terially affected the property division, altered the trial court's just and right division when it remanded only a portion of the property division. In this case we have found that any error did not materially affect the property division, and we have not altered the trial court's just and right division of the property.

E.L. asserts we erred in distinguishing *McElwee v. McElwee*, 911 S.W.2d 182 (Tex.App.—Houston [1st Dist.] 1995, writ denied), on the basis that the trial court made no finding in that case that the division was just and right, despite any mischaracterization of the property. Although he cites footnote six of that opinion in support of his assertion, our examination of that footnote reveals nothing to show a finding that the division was just and right. If there was, it appears from his brief that the assertion stems from the personal knowledge of E. L.'s counsel, who asserts that he represented the appellant in *McElwee*. We do not consider any of this because it is all outside the record. In any event, there was no discussion in *McElwee* as to whether the trial court may hold its division of the property is just and right regardless of the characterization of certain assets. We see no reason to remand to the trial court for a just and right division when the trial court has already made a division that it has found to be just and right. If the court of appeals remanded in *McElwee* despite a just and right finding by the trial court, as E.L. suggests, it was not required to do so because the finding had already been made.

E.L. suggests that we should disregard the trial court's finding that the division is just and right, despite any mischaracterization of the property. He argues that, "when the trial court bases its ruling on erroneous legal conclusions, as a matter of public policy it should not be able to ratify its mistakes merely by reciting a finding of fact or conclusion of law that in essence says that: '[i]f I commit reversible error, you are not allowed to successfully appeal.'"

Of course, the trial court did not make such a finding. In cases in which there might be a mischaracterization of the property, the trial court, at the time it makes its division, might conclude that any possible mischaracterization would, or would not have, an effect on the just and right division, or it might not have an opinion concerning the matter. We do not accept E. L.'s assertion that in the event the trial court felt that its division would not be just and right despite any possible mischaracterization, or that if it did not have an opinion as to whether it was, that it would violate its oath of office and the code of judicial conduct by making a false finding solely to protect its record on appeal.

Assuming that the trial court may legitimately determine that the division is just and right, even if the disputed property is considered as community property, we must then determine, as we have previously stated, whether that division is manifestly unfair and unjust. At that point, the trial court's error in making the mischaracterization is, if relevant at all, only a factor to be considered in making that determination. Other than the mischaracterization, E.L. makes no argument as to why the property division as announced by the court is unfair or unjust. While a mischaracterization of property could lead to a property division that is unfair and unjust, the facts as presented here support the trial court's finding that the division is just and right, whether the disputed property is separate property or part of the community. Again, because E.L. has failed to show that the trial court's division of the property is unfair and unjust, he has failed to show that the trial court abused its discretion in making that division. We overrule E. L.'s motion for rehearing.