Reversed and Remanded in Part, Affirmed in Part, and Memorandum Opinion
filed April 24, 2007








Reversed
and Remanded in Part, Affirmed in Part, and Memorandum Opinion filed April 24,
2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00601-CV

____________

 

BRADLEY JAY GANA, Appellant

 

V.

 

SUSAN RUTH GANA, Appellee

 



 

On Appeal from the 310th
District Court

Harris County, Texas

Trial Court Cause No. 2004-11356

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Bradley Jay Gana, appeals from the trial court=s judgment of
divorce and its division of the parties= property.  In his
first issue, Bradley contends the judgment is a nullity because the attorney
for appellee, Susan Ruth Gana, was disbarred when the judgment was signed.  In
his remaining three issues, Bradley contends the trial court reversibly erred
when it mischaracterized his separate real property as community and ordered it
sold and the proceeds split evenly.  Because we agree the trial court
reversibly erred in its property division, we reverse and remand in part and
affirm in part.








Factual
and Procedural Background

Bradley and Susan were married in 1988 and had two
children.  Susan filed for divorce in 2004, and was represented by attorney
Richard A. Tindall.  Bradley apparently filed no answer or affirmative
pleadings before the trial.  However, Bradley did make a general appearance with
counsel and the parties entered into an agreement for temporary orders
concerning their children and their marital estate while the case was pending. 

Apparently unbeknownst to either party, Susan=s attorney,
Tindall, was a party to a disbarment proceeding brought against him by the
Commission for Lawyer Discipline.  The judgment of the evidentiary panel
reflects that the disciplinary proceeding was heard on February 10B11, 2005.  The
judgment ordering Tindall disbarred was signed March 10, 2005.  The evidentiary
panel=s Findings of Fact
and Conclusions of Law were also signed March 10, 2005.  Nothing in the record
indicates that the judgment disbarring Tindall was rendered at the close of the
disciplinary proceeding or at any other time before March 10, 2005.

The trial of the divorce proceeded on February 15, 2005. 
The decree recites that the  divorce was Ajudicially
PRONOUNCED AND RENDERED in court at Houston, Harris County, Texas, on February
17, 2005, and further noted on the court=s docket sheet on
the same date.@  It also recited that the divorce decree was not
signed until March 14, 2005.  Also relevant here, the decree included an order
that a piece of real property located at 12327 Rampart Street be sold and the
proceeds split evenly between Bradley and Susan.

          Bradley
subsequently discovered Tindall=s disbarment, and on April 13, 2005, he
filed a motion for new trial challenging, among other things, the entire
divorce decree based on Tindall=s disbarment as a result of the
proceedings on February 10B11, 2005.  Bradley also moved for a new trial
on the grounds that the Rampart Street property was his separate property
because he had purchased it in 1982, some six years before the parties were
married.  The trial court denied Bradley=s motion for new
trial. 








At Bradley=s request, the trial court filed findings
of fact and conclusions of law.  Among other things, the trial court found that
Bradley and Susan had acquired the property with the values shown on Susan=s last inventory
and appraisement.  Susan=s inventory included the Rampart Street
property, and Bradley contends this constitutes an implied finding by the trial
court that it was community property.  The trial court also found that no
evidence was tendered by either party as to the character of any property
before the Court.  The trial court also issued the following conclusion of law:

The division of the property of Petitioner
and Respondent effected by the final judgment is just and right, having due
regard for the rights of each party and the children of the marriage,
irrespective of the characterization of any item of property as either
community or separate.  This includes the order of sale of property known as
12327 Rampart Street, Houston, Texas and division of interim rents and proceeds
of sale.

This
appeal followed.

Analysis
of Appellant=s Issues

I.        Issue
One:  Is the divorce judgment a nullity because Susan=s attorney was
disbarred when it was signed?

In his first issue, Bradley contends he is entitled to a
reversal of the trial court=s judgment because it was obtained with
the assistance of a disbarred attorney.  Bradley maintains that reversal is
required because Tindall=s failure to disclose his disbarment
deceived the trial court and the parties, and contaminated the entire case. 
Because the facts of Tindall=s representation are undisputed, Bradley
asserts, we may determine as a matter of law whether his conduct amounted to
the practice of law, citing Unauthorized Practice Comm., State Bar of Tex.
v. Cortez, 692 S.W.2d 47, 51 (Tex. 1985).  








Bradley contends that Tindall was disbarred as of the
hearing on February 10B11, 2005, which was prior to his and Susan=s divorce trial on
February 15, 2005.  Consequently, he asserts that the trial court was without
authority to rely on Tindall, as an unlicensed individual, to provide legal
representation to Susan.  See Ex parte Engle, 418 S.W.2d 671, 673 (Tex.
Crim. App. 1967) (holding trial court had no authority to appoint unlicensed
law school graduate to represent relator in habeas corpus proceeding). 
Further, Bradley contends the divorce decree is a nullity because Tindall filed
the decree for signing after the judgment disbarring him was signed, and
therefore it is not to be considered by the court.  See Magaha v. Holmes,
886 S.W.2d 447, 448B49 (Tex. App.CHouston [1st
Dist.] 1994, no writ) (refusing to consider motion for leave to file petition
for writ of mandamus filed by defendant=s mother because
she was not a member of the bar and did not fit within the categories of
persons who can practice law on a limited basis).

In response, Susan contends that rendition and entry of the
trial court=s judgment of divorce occurred prior to the date on
which Susan=s trial counsel was effectively disbarred, and any
delay by the trial court in signing the judgment does not operate to invalidate
it.  On these facts, we agree with Susan.

A judgment routinely goes through three states:  (1) rendition,
(2) signing, and (3) entry.  Wittau v. Storie, 145 S.W.3d 732, 735 (Tex.
App.CFt. Worth 2004, no
pet.).  Generally, a judgment is Arendered@ when the trial
court=s decision upon
the matter submitted to it for resolution is officially announced either orally
in open court or by memorandum filed with the clerk.  Garza v. Tex.
Alcoholic Beverage Comm=n, 89 S.W.3d 1, 6
(Tex. 2002).  An order pronounced in open court is considered Arendered@ when it is
officially announced, and it is valid from that time forward, so that formal
entry is only a ministerial act.  Dunn v. Dunn, 439 S.W.2d 830, 832
(Tex. 1969).  But if a trial judge signs a judgment without first making an
oral announcement in open court, the act of signing the judgment is the official
act of rendering the judgment.  Wittau, 145 S.W.3d at 735.








Here, nothing in the record reflects that the judgment
disbarring Tindall was rendered at any time before it was signed on March 10,
2005, and Bradley cites no authority to support a contrary conclusion. 
Moreover, Bradley=s counsel conceded at the hearing on his
motion for new trial that the judgment disbarring Tindall does not reflect that
it was rendered at the close of the February disbarment proceeding; he merely
speculated that rendition could have occurred at that time.  Therefore, in the
absence of any other information, we have no evidence to support the contention
that Tindall was engaged in the unauthorized practice of law when he
represented Susan at the parties= divorce trial on
February 15, 2005.  See Wittau, 145 S.W.3d at 745. 

Bradley also represents that Tindall prepared and tendered
to the trial court the final decree of divorce for signing, and the trial court
did not sign the decree, until after Tindall was disbarred.  However, our
review of the record shows that the final decree of divorce was signed and
submitted by both parties= counsel on March 4, 2005, before the date
of Tindall=s disbarment.  Turning to the date the decree was
signed, the record does not reveal why it was not signed until March 14, 2005,
but in this instance the date the judgment was signed is not the dispositive
factor.  

The span of time between the date the record fixes Tindall=s disbarment and
the divorce decree was signed is four days.  Nothing in the record reflects
that, during those four days, Tindall filed any motions, requested any relief,
or otherwise engaged in any activities that would constitute the practice of
law.  Bradley=s cases in support of his position are therefore
distinguishable.  See Jimison v. Mann, 957 S.W.2d 860, 861 (Tex. App.CAmarillo 1997, no
writ) (striking appellate brief and motion filed by unlicensed individual
acting as next friend); Magaha, 886 S.W.2d at 448B49 (refusing to
consider petition for leave to file mandamus by unlicensed individual).  The
divorce trial had taken place, and Tindall, along with Bradley=s counsel,
submitted the final decree of divorce for the trial court=s signature before
he was disbarred.  Further, nothing in the record indicates that the parties or
the trial court were harmed or prejudiced in any way during that four-day
period between the date Tindall was disbarred and the trial court signed the
decree.  

We therefore overrule Bradley=s first issue.








II.       Issues
Two, Three, and Four:  Did the trial court reversibly err by mischaracterizing
Bradley=s separate property as community and
concluding it made a just and right division regardless of its characterization
of the property?

In his remaining three issues, Bradley contends the trial
court erred by (1) characterizing his separate real property as community
property when the evidence was legally and factually insufficient to support
the finding and Susan judicially admitted it was Bradley=s separate
property, (2) ordering the property sold and the sale proceeds partitioned
between the parties, and (3) concluding that the division was just and right
regardless of the characterization of the parties= property. 

A.      The
applicable law and standards of review.

The Family Code requires that the trial court divide the
estate of the parties in a manner that is just and right having due regard for
the rights of each party.  Tex. Fam.
Code ' 7.001.  The trial court has broad discretion in
dividing the marital estate at divorce.  See Murff v. Murff, 615 S.W.2d
696, 698 (Tex. 1981).  Upon appeal, we presume the trial court used its
discretion and will reverse the cause only where the trial court clearly abused
that discretion.  See id.  Under this abuse of discretion standard, the
legal and factual sufficiency of the evidence are not independent grounds of
error, but are merely relevant factors in assessing whether the trial court
abused its discretion.  Zieba v. Martin, 928 S.W.2d 782, 786 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  We must remand the entire community estate for a new
division when we find reversible error that materially affects the trial court=s Ajust and right@ division of the
property.  See Jacobs v. Jacobs, 687 S.W.2d 731, 732 (Tex. 1985).

We review the trial court=s conclusions of
law de novo.  Smith v. Smith, 22 S.W.3d 140, 143B44 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  Conclusions of law may not be challenged for factual
insufficiency.  Zieba, 928 S.W.2d at 786 n.3.  The standard of review is
whether the conclusions of law drawn from the facts are correct.  Zieben v.
Platt, 786 S.W.2d 797, 802 (Tex. App.CHouston [14th
Dist.] 1990, no writ). 








A statutory presumption exists that property possessed by a
spouse at the time of the dissolution of a marriage is community property.  Tex. Fam. Code ' 3.003(a); Licata
v. Licata, 11 S.W.3d 269, 272 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied).  A spouse seeking to rebut the presumption of
community property must do so by clear and convincing evidence.  Tex. Fam. Code ' 3.003(b); Licata,
11 S.W.3d at 272.  Clear and convincing evidence is the degree of proof that
produces in the mind of the trier of fact a firm belief or conviction as to the
truth of the allegations sought to be established.  Slaton v. Slaton,
987 S.W.2d 180, 182 (Tex. App.CHouston [14th Dist.] 1999, pet. denied). 
A spouse seeking to rebut the presumption bears the burden of tracing and
clearly identifying the property claimed as separate.  See id. 

Separate property is afforded constitutional protection.  AAll property, both
real and personal, of a spouse owned or claimed before marriage, and that
acquired afterward by gift, devise or descent, shall be the separate property
of that spouse. . . .@  Tex.
Const. art. XVI, ' 15.  The Texas Family Code defines
separate property as that property owned by a spouse before marriage, acquired
during the marriage by gift, devise, or descent, and the recovery for personal
injuries sustained during the marriage.  See Tex. Fam. Code ' 3.001.  A trial
court may not divest a spouse of his or her separate property.  Cameron v.
Cameron, 641 S.W.2d 210, 215 (Tex. 1982); Eggemeyer v. Eggemeyer,
554 S.W.2d 137, 142 (Tex. 1977).

B.      Bradley
demonstrates reversible error.








Bradley contends he satisfied his burden to show that the
Rampart Street property was his separate property, and therefore the evidence
is legally and factually insufficient to support the trial court=s related findings
of fact.  Bradley points to his testimony that he purchased the property before
he and Susan married, he identified it as his separate property in a proposed
property division that was admitted into evidence without objection, and most
significantly, because Susan testified on direct examination that Bradley owned
the property when they married.  Bradley contends Susan=s testimony
qualifies as a judicial admission.  See Mendoza v. Fid. and Guar.
Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980) (stating that five
conditions must occur before a party=s quasi-admission
will be treated as a judicial admission: (1) the declaration relied upon was
made in the course of a judicial proceeding; (2) the declaration is contrary to
an essential fact embraced in the theory of recovery or defense asserted by the
party; (3) the statement is deliberate, clear, and unequivocal; (4) giving
conclusive effect to the declaration would not run contrary to public policy;
and (5) the statement is not also destructive of the opposing party=s theory of
recovery).[1] 
Thus, Bradley claims the trial court committed reversible error when it
divested him of his separate property and ordered it sold and the proceeds
split between him and Susan. 

Susan does not challenge Bradley=s evidence, but
argues that (1) the trial court=s characterization of the property is
supported by the community property presumption, (2) the trial court did not
err in characterizing the property as community, and (3) as a matter of law,
the trial court=s conclusion of law that its division of
the property is just and right, irrespective of the characterization of any
item of property as either community or separate, including the Rampart Street
property, is not erroneous.[2] 
Susan also contends that, because Bradley conducted no harm analysis and has
not attempted to demonstrate how a mischaracterization of the property caused
an improper division, he is not entitled to a reversal and remand of the
property division. 

1.       Bradley
demonstrated the Rampart Street property is his separate property by clear and
convincing evidence.








As noted above, at the divorce hearing, Bradley submitted a
proposed property division reflecting the Rampart Street property as his
separate property.  He also testified that he purchased the property before he
married Susan.  We conclude that this evidence, coupled with Susan=s admission that
Bradley owned the property before they were married, is sufficient to overcome
the community property presumption and to demonstrate Bradley=s separate
ownership by clear and convincing evidence.  

During Susan=s direct
examination, the following exchange occurred concerning the Rampart Street
property:

Q.      (Tindall)  And with respect to this property
at 12327 Rampart Street, this is the rental property, correct?

A.      (Susan)  Yes.

Q.      Okay.  And when did you and your husband
acquire that property?

A.      He owned
that property when we got married.

We agree with Bradley that Susan=s testimony
constitutes a judicial admission, because it was made in the course of a
judicial proceeding; it was contrary to an essential fact embraced in Susan=s theory of
recovery; it was deliberate, clear, and unequivocal; giving conclusive effect
to the declaration would not run contrary to public policy; and it is not also
destructive of Bradley=s theory of recovery.  See Mendoza,
606 S.W.2d at 694.  Moreover, there is no evidence the Rampart Street property
was anything other than Bradley=s separate property.  

Therefore, the trial court=s findings of fact
that, during their marriage, Susan and Bradley Aacquired the
property with the values shown in the last Inventory and Appraisement fine by
Susan Gana@ (which included the Rampart Street property), and
that A[n]o evidence was
tendered by either party as to the character of any property before the Court@ are not supported
by the evidence.  Bradley sufficiently demonstrated that the Rampart Street
property was his separate property. 

 








2.       The
trial court had no discretion to divest Bradley of his separate property.

The Aestate of the parties@ has been
construed to mean only the community property of the parties.  Cameron,
641 S.W.2d at 213; Eggemeyer, 554 S.W.2d at 139.  As noted above, the
trial court may not divest one party of his separate property as part of a
property division incident to a divorce.  Cameron, 641 S.W.2d at 215;
Eggemeyer, 554 S.W.2d at 142.  Consequently, Bradley contends, the
following conclusion of law entered by the trial court is Aclearly erroneous@:

The division of the property of
Petitioner and Respondent effected by the final judgment is just and right,
having due regard for the rights of each party and the children of the
marriage, irrespective of the characterization of any item of property as
either community or separate.  This includes the order of sale of property
known as 12327 Rampart Street, Houston, Texas and division of interim rents and
proceeds of sale.

Bradley
contends that this conclusion of law Aflies in the face
of well-established precedent@ that a trial court lacks the authority
under the Texas Constitution to divest a spouse of his or her separate property
and award it to another party upon divorce. 








In response, Susan urges us to follow the reasoning in Pace
v. Pace, 160 S.W.3d 706 (Tex. App.CDallas 2005, pet.
denied), in which the appellate court considered a ruling similar to the
conclusion of law here.  The Pace court interpreted the language to mean
that Athe court would
have divided the property the same way regardless of whether the property is
separate or community.@  Id. at 715 (citing Vandiver v.
Vandiver, 4 S.W.3d 300, 303 (Tex. App.CCorpus Christi
1999, pet. denied)).  The Pace court explained that, when the trial
court finds that its property division is just and right regardless of any
mischaracterization of the property, even though the value of the property
mischaracterized is great, the mischaracterization does not affect the trial
court=s just and right
division of the property.  Id. at 716.  Additionally, the Pace
court held that the appellant must not only demonstrate the trial court
mischaracterized the property at issue, but must also conduct a harm analysis
to demonstrate Ahow the purported mischaracterization
caused the trial court to abuse its discretion or that it had more than a de
minimus impact on a just and right division of the community estate.@  Id.
(citing Vandiver, 4 S.W.3d at 302; Tate v. Tate, 55 S.W.3d 1, 7
(Tex. App.CEl Paso, pet. denied)).

However, both Pace and the case it relies on, Vandiver
v. Vandiver, are distinguishable, because those cases involved contentions
that the trial court erroneously characterized community property as separate
property.  See Pace, 160 S.W.3d at 710; Vandiver, 4 S.W.3d at 301B02.[3] 
Here, in contrast, Bradley contends the trial court erroneously characterized
his separate property as community property.  This distinction is significant,
because a trial court has no discretion to divest a spouse of his or her
separate property.  See Barnard v. Barnard, 133 S.W.3d 782, 789 (Tex.
App.CFort Worth 2004,
pet. denied); Smith, 22 S.W.3d at 147.  When a court mischaracterizes
separate property as community property, the error requires reversal.  See,
e.g., Shestawy v. Shestawy, 150 S.W.3d 772, 780 (Tex. App.CSan Antonio 2004,
pet. denied); Barnard v. Barnard, 133 S.W.3d at 790; Smith, 22
S.W.3d at 147.

Therefore, the trial court=s conclusion of
law that its division of property was just and right Airrespective of
the characterization of any item of property as either community or separate@ is erroneous to
the extent that the trial court included Bradley=s separate
property, because the trial court has no discretion to divest a spouse of his
separate property.  Additionally, Susan valued the Rampart Street property at
$94,800, and, assuming it sold for that amount, each party would receive
approximately $47,400.  We cannot say that the value of this property had no
more than a de minimus impact on a just and right division of the community
estate.  We therefore sustain Bradley=s second, third,
and fourth issues.

 








Conclusion

Having found that the trial court committed reversible
error by mischaracterizing Bradley Gana=s separate
property as community property and by divesting him of his separate property,
we reverse that portion of the trial court=s judgment
relating to the division of the community estate and remand further proceedings
consistent with this opinion.  We affirm and sever the remainder of the trial
court=s judgment.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 24, 2007.

 

Panel
consists of Chief Justice Hedges and Justices Fowler and Edelman.









[1]  In anticipation of Susan=s arguments in response, Bradley also claims that his
lack of affirmative pleadings do not foreclose his separate property claim
because Susan=s pleadings sufficiently put his separate property at
issue and the characterization of the Rampart Street property was tried by
consent.  However, Susan does not respond to these claims.





[2]  Susan does not contend the trial court ordered the
Rampart Street property sold and the proceeds split to satisfy a claim for
reimbursement, and there is nothing in the record to demonstrate that is what
the trial court intended by its order. 





[3]  Moreover, in Tate, which is also cited with approval in Pace,
the appellate court noted that when the trial court characterizes one spouse=s separate property as community
and awards it to the other spouse, it is unnecessary to show harm because
divestiture of separate property is reversible error.  See Tate, 55
S.W.3d at 7 (citing Eggemeyer, 554 S.W.2d at 140).