Opinion filed March 27, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 27,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00269-CV 

                                                    __________

 

                            RICHARD HARRISON WELLS, Appellant

 

                                                             V.

 

                                JACQUELINE
KAY WELLS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                        Dawson
County, Texas

 

                                          Trial
Court Cause No. 04-06-17038-CV

 



 

                                                                   O
P I N I O N                                           

This
is a marital property distribution case.  Following a bench trial, the trial
court entered a divorce decree, confirmed that certain property was Jacqueline
Kay Wells=s separate
property, and divided the community property and debts between the parties. 
Richard Harrison Wells filed this appeal complaining of the trial court=s characterization of twelve
items of farming equipment as Jacqueline=s
separate property and of the division of the community property.  Finding no
error, we affirm. 

                                                  I.
Background Facts








Jacqueline
initiated divorce proceedings.  Richard responded by requesting a
disproportionate share of the marital assets.  Jacqueline amended her petition
to include allegations of fault in the breakup of the marriage and fraud on the
community and to request an unequal distribution in her favor.  The trial court
conducted a bench trial and orally rendered judgment granting a divorce and
awarding Jacqueline a disproportionate share of the marital assets.  The trial
court subsequently signed a divorce decree.  The decree=s division of the marital estate section
included the following recitation:

The
Court further finds that Respondent has threatened Petitioner with bodily harm
at times when he was not out of control and when he knew what he was saying,
that Respondent has threatened to kill Petitioner, that Respondent is not an
innocent spouse, that Respondent=s
conduct forced Petitioner to leave the family home and land, that Petitioner is
the innocent spouse, that Petitioner should receive a disproportionately large
portion of the community estate of Petitioner and Respondent and that the
disproportionate division of such community estate, with the assets and
liabilities awarded to petitioner in this decree, is proper, just, fair and
reasonable under the facts of this case and applicable law.

 

Richard filed a
motion for new trial.  Richard challenged the trial court=s property division and
also argued that a new trial was warranted because of newly discovered
evidence.[1]   Richard=s motion was overruled by
operation of law.

                                                           II.
Issues

Richard
challenges the trial court=s
property division with four issues.  Richard contends that the trial court
abused its discretion by making a grossly disproportionate award of the marital
assets to Jacqueline, that the trial court abused its discretion by
characterizing community assets as separate property, that the trial court
abused its discretion in valuing the property of the marital estate, and that
there are inherent conflicts in the trial court=s
judgment.

                                                           III. 
Standard of Review








We
review a trial court=s
division of property under an abuse of discretion standard.  Moroch v.
Collins, 174 S.W.3d 849, 857 (Tex. App.CDallas
2005, pet. denied).  A trial court abuses its discretion when it acts without
reference to any guiding rules or principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a
trial court may decide a matter within its discretionary authority in a
different manner than an appellate court in a similar circumstance does not
demonstrate that an abuse of discretion has occurred.  Sw. Bell Tel. Co. v.
Johnson, 389 S.W.2d 645, 648 (Tex. 1965).

When
an appellant challenges the trial court=s
order on legal or factual sufficiency grounds, we do not treat these as
independent grounds of reversible error but, instead, consider them as factors
relevant to our assessment of whether the trial court abused its discretion.  Boyd
v. Boyd, 131 S.W.3d 605, 611 (Tex. App.CFort
Worth 2004, no pet.).  To determine whether the trial court abused its
discretion because the evidence is legally or factually insufficient, we
consider whether the court (1) had sufficient evidence upon which to
exercise its discretion and (2) erred in the application of that discretion.  Lindsey
v. Lindsey, 965 S.W.2d 589, 592 (Tex. App.CEl
Paso 1998, no pet.).

Richard
did not request findings of fact.  We must, therefore, presume that the trial
court made all the necessary findings to support its judgment.  Pharo v.
Chambers County, Tex., 922 S.W.2d 945, 948 (Tex. 1996).  If the trial court=s implied findings are
supported by the evidence, we must uphold the judgment on any theory of law
applicable to the case.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990).  In determining whether some evidence supports the judgment and implied
findings of fact, we consider only that evidence most favorable to the issue
and disregard entirely any contrary evidence.  Id.

When
the burden of proof at trial is by clear and convincing evidence, we apply a
higher standard of legal sufficiency review.  See In re J.F.C., 96
S.W.3d 256, 265-66 (Tex. 2002).  Clear and convincing evidence is that measure
or degree of proof which will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.  Tex. Fam. Code Ann.
' 101.007 (Vernon
2002).  This intermediate standard falls between the preponderance standard of
civil proceedings and the reasonable doubt standard of criminal proceedings.  In
re G.M., 596 S.W.2d 846, 847 (Tex. 1980).  While the proof must weigh
heavier than merely the greater weight of the credible evidence, there is no
requirement that the evidence be unequivocal or undisputed.  Boyd, 131
S.W.3d at 611.

                                                                     IV.
Analysis

A. 
Jacqueline=s
Separate Property.








Richard
argues that the trial court abused its discretion when it characterized twelve
items of farming equipment as Jacqueline=s
separate property because she failed to produce clear and convincing evidence
to support this characterization.  Jacqueline responds that the evidence
established that the farming equipment is separate property because it was
gifted to her by her parents.

All
property on hand at the dissolution of marriage is presumed to be community
property.  Tex. Fam. Code Ann. ' 3.003(a) (Vernon 2006). 
It is a rebuttable presumption requiring a spouse claiming assets as separate
property to establish its separate character by clear and convincing evidence. 
Tex. Fam. Code Ann. ' 3.003(b) (Vernon 2006). 
The characterization of property as community or separate is determined by the
inception of title.  Boyd, 131 S.W.3d at 612.  

Property
acquired during marriage by gift is separate property.  Tex. Fam. Code Ann. ' 3.001(2)
(Vernon 2006).  A gift is a voluntary transfer of property to another made
gratuitously and without consideration.  Hilley v. Hilley, 342 S.W.2d
565, 569 (Tex. 1961).  Three elements are required to establish the existence
of a gift:  (1) intent to make a gift; (2) delivery of the property; and (3)
acceptance of the property.  Long v. Long, 234 S.W.3d 34, 40 (Tex. App.CEl Paso 2007, pet.
denied).  The intent must exist at the time of the transfer, not at the time of
a subsequent divorce.  Id.  

To
prevail on a mischaracterization challenge, Richard must establish not only
that the trial court erred but that this error caused sufficient harm to
constitute an abuse of discretion.  Long, 234 S.W.3d at 37; see also
Vandiver v. Vandiver, 4 S.W.3d 300, 302 (Tex. App.CCorpus Christi 1999, pet. denied)
(mischaracterization of community property as separate property is not
reversible unless the mischaracterization had more than a de minimis effect on
the just and right division).

The
lack of valuation findings prevents us from determining what impact the trial
court=s
characterization had on the total distribution of assets; and, on that basis
alone, we must affirm the trial court.[2]  Richard,
however, has also failed to establish that the trial court=s characterization was in
error.  Jacqueline produced a list of twelve items of farming equipment that
she claimed was her separate property.  Richard agreed that these twelve items
were a gift from Jacqueline=s
parents.  The dispute was whether the gift was made to Jacqueline or to both
parties.








Jacqueline=s mother testified that,
when her husband retired, he gave part of his farming equipment to Jacqueline
and part to a son and sold part to Jacqueline and Richard.  She testified that
the gift was not to Jacqueline and Richard but to Jacqueline alone.  She
identified the twelve items of equipment in dispute as the equipment that her
husband had given to Jacqueline.  Richard argues that this testimony is
insufficient to rebut the community property presumption, citing the general
rule that mere testimony that property is separate without any tracing of the
property is insufficient.[3] 

The
general rule is inapplicable because there was no need to trace assets.  There
was no dispute about what items of equipment were gifted, and there was no
claim that any of this equipment had been sold, traded, or otherwise converted
into any other asset. See Cockerham v. Cockerham, 527 S.W.2d 162, 168 (Tex.
1975) (separate property will retain its character through a series of
exchanges so long as the party asserting separate ownership can trace the
assets on hand during the marriage back to property that is separate in
character).  The mere fact that this equipment may have been used in connection
with other equipment or to help facilitate the production of crops whose
proceeds were community property would not alter the character of the
equipment.  The trial court had sufficient evidence to conclude that the twelve
pieces of equipment were gifted to Jacqueline and, therefore, did not abuse its
discretion by confirming that they were Jacqueline=s separate property.  Richard=s second issue is
overruled.

B. 
Valuation of Marital Property.

Richard
complains that the trial court abused its discretion by improperly valuing
Jacqueline=s teacher
retirement account and the farming equipment.  Richard acknowledges that the
decree does not assign a value to the retirement account but contends that the
trial court=s
statements at the conclusion of the trial demonstrate a misapplication of case
law.  With respect to the farming equipment, Richard acknowledges that the
parties presented conflicting valuation evidence but complains that there was
insufficient valuation evidence to support the trial court=s division of assets. 








Richard=s complaint presents no
basis for reversal because the trial court made no findings on the value of the
retirement account or farming equipment.  First, the trial court=s statements at the end of
the trial do not constitute findings of fact.  See In re Doe 10, 78
S.W.3d 338, 340 n.2 (Tex. 2002) (oral comments from the bench are not written
findings of fact); see also In re W.E.R., 669 S.W.2d 716 (Tex. 1984) (appellate
courts may not look to any comments that the trial court makes at the
conclusion of a bench trial as a substitute for findings of fact).  Second, we
have reviewed the entirety of the trial court=s
comments and find no indication of what value it assigned to the account.[4] 
Because we do not know what value the trial court assigned to the retirement
account or farming equipment, we cannot conclude that the trial court abused
its discretion when it valued those assets.  Richard=s third issue is overruled.   

C. 
The Distribution of the Marital Property.

Richard
complains that the trial court awarded Jacqueline a disproportionate share of
the marital assets even though there was no evidence of a substantial and
probative character to support this division.  Because the trial court did not
make any valuation findings, we do not know what share of the marital estate
either party received.  Richard contends that Jacqueline received 75% of the
marital assets.[5]  Jacqueline
responds that Richard received between 26% to 45% of the marital estate
depending upon what asset values the trial court utilized.[6] 
It is difficult B if
not impossible B to
determine whether the trial court abused its discretion by dividing the marital
estate when we do not know what percentage of the marital assets either party
received.  However, because both parties concede that Jacqueline received a
larger share than Richard, we will assess whether an unequal distribution
constitutes an abuse of discretion.








Texas
law requires trial courts to divide the estate of the parties in a manner that
is just and right having due regard for the rights of each party.  Tex. Fam. Code Ann. ' 7.001 (Vernon 2006). 
There is no requirement that the court effectuate an equal division.  Murff
v. Murff, 615 S.W.2d 696, 699 (Tex. 1981).  In reviewing the equitable
remedy fashioned by the trial court in achieving a just and right division, we
must determine not only whether the trial court=s
findings are supported by the evidence, we must also determine whether error,
if established, caused the trial court to abuse its discretion.  Garcia v.
Garcia, 170 S.W.3d 644, 649 (Tex. App.CEl
Paso 2005, no pet.).  We must indulge every reasonable presumption in favor of
the trial court=s
proper exercise of its discretion in dividing marital property.  Pletcher v.
Goetz, 9 S.W.3d 442, 446 (Tex. App.CFort
Worth 1999, pet. denied).

A
disproportionate division must have a reasonable basis.  Smith v. Smith,
143 S.W.3d 206, 214 (Tex. App.CWaco
2004, no pet.).  If there is some evidence of a substantive and probative
character to support the decision, the trial court does not abuse its discretion
if it orders an unequal division of the marital estate.  Ohendalski v.
Ohendalski, 203 S.W.3d 910, 914 (Tex. App.CBeaumont
2006, no pet.).  Generally, in a fault-based divorce, the court may consider
the conduct of the errant spouse in making a disproportionate distribution of
the marital estate.  Young v. Young, 609 S.W.2d 758, 761-62 (Tex.
1980).  The divorce decree includes a recitation that Richard threatened to
kill Jacqueline, that she was the innocent spouse, and that his conduct forced
her to leave the family home and land.  Richard contends that this recitation
is not supported by the evidence when it is viewed in the context of both
parties.  In his reply brief, Richard contends that a full and fair review of
the reporter=s record
establishes the error of the trial court=s
division.  Richard=s
contention misapplies the standard of review.  The issue is whether the trial
court had sufficient evidence upon which to exercise its discretion.  Lindsey,
965 S.W.2d at 592.  When making this determination, we consider only that
evidence most favorable to the issue.  Worford, 801 S.W.2d at 109.








We
also point out that recitations in a judgment are not a substitute for findings
of fact.  Willms v. Americas Tire Co., 190 S.W.3d 796, 802 (Tex. App.CDallas 2006, pet. denied).
Consequently, we do not review this recitation as a finding of fact but merely
inquire if there was sufficient evidence of fault to support the trial court=s exercise of discretion. 
Richard admitted that he had threatened Jacqueline, that he had done so
intentionally, and that he had probably done so more than once.  He admitted
that he used threats to make her do what he wanted and that, on the day the
parties separated, he ordered her to get out of the house and off his land or
else he would kill her.  Jacqueline testified that on this occasion he took her
by the hair, pushed her as hard as he could, and began screaming at her.  He
told her later that day that, if she did not get off his property and take Aevery living thing@ with her, he might have to
kill everything in the house.  She blamed him for the breakup of their
marriage, described him as manipulative and controlling, and testified that he
refused to seek medical help for a condition that caused him to be irrational
or irritable.

Richard
argues B without
providing any record reference B
that his threat to kill Jacqueline was an idle threat made in anger with no
present intention of performing.  That, however, is not for us to decide.  As
the supreme court noted in Murff, the trial court Ahas the opportunity to
observe the parties on the witness stand, determine their credibility, evaluate
their needs and potentials, both social and economic.  As the trier of fact,
the court is empowered to use its legal knowledge and its human understanding
and experience.@  615
S.W.2d at 700.  We leave to the trial court the assessment of the seriousness
of Richard=s threat.

Jacqueline
also argues that the trial court acted within its discretionary authority because
of evidence that Richard wasted community assets and attempted fraud on the
community estate.  In his reply brief, Richard contends that there was no fraud
on the community, and argues that AJacqueline
cannot fabricate grounds upon which to support the trial court=s award.@  This argument could be
better phrased because when read literally it accuses opposing counsel of
committing a fraud on the court.  We assume that no such allegation was
intended and that Richard=s
intended contention is that fraud on the community cannot support a
disproportionate division because the trial court did not refer to this in its
comments at the conclusion of the trial or in the divorce decree.  We have
previously held that the trial court=s
statements at the end of trial do not constitute findings of fact.  Moreover,
even were we to consider them, they do not purport to be an exhaustive
description of all the fact findings,[7] nor do they
excuse us from our obligation to affirm the trial court on any basis supported
by the record.








Richard
contends that there were no pleadings of fraud on the community and no evidence
in the record of fraud.  Neither contention is correct.  Richard made the first
request for a disproportionate share of the community property in his amended
answer.  Jacqueline immediately filed an amended petition and requested a
disproportionate share of the community property for several reasons, including
Afraud on the
community.@ 
Jacqueline amended her petition once more before trial but maintained the fraud
allegation.

There
was also evidence of fraud on the community.  In late 2004 and early 2005,
Richard  paid his father and mother $7,066.45 in wages for working on the
farm.  Richard=s
father was 80 years old at the time.  Richard paid his parents $7.00 an hour. 
The paychecks were net of withholding.  The record does not indicate how much
money was withheld, but even using the net figures, Richard=s payments would have
required his parents to work more than 1,000 hours during this period of time. 
Jacqueline testified that Richard=s
father did not work on their farm and that, for at least part of the period
covered by the checks, he was incapable of working because of an abdominal
aneurism surgery.  The court had sufficient evidence to conclude that the
payments to Richard=s
parents were not for wages and, therefore, to determine that he had committed
fraud on the community estate.

Richard
points to several of the other Murff factors that he contends support a
disproportionate distribution in his favor.  We cannot substitute our judgment
for that of the trial court.  Consequently, even if we were convinced that consideration
of all the Murff factors supports a different division, that alone would
not allow us to conclude that the trial court abused its discretion.  Finally,
Richard asks us to consider the affidavits attached to his motion for new
trial.  This we cannot do because Richard assigns no error to the denial of his
motion for new trial.

            There
was sufficient evidence from which a trial court could conclude that a
disproportionate division was just and right; therefore, the court did not
abuse its discretion.  Issue one is overruled.

D.
Conflicts in the Judgment.

Richard
argues that the judgment contains inherent conflicts that warrant a new trial. 
When interpreting a divorce decree, courts apply the general rules regarding
construction of judgments.  Wilde v. Murchie, 949 S.W.2d 331, 332 (Tex.
1997).  Judgments should be construed as a whole to harmonize and give effect
to the entire decree.  Constance v. Constance, 544 S.W.2d 659, 660 (Tex.
1976).  If the decree, when read as a whole, is unambiguous, the court must
effectuate the order in light of the literal language used.  Shanks v.
Treadway, 110 S.W.3d 444, 447 (Tex. 2003).  








Richard
does not contend that the decree is ambiguous.  Our review, therefore, is
limited to the decree=s
language.  Richard points to that portion of the divorce decree requiring each
party to pay the indebtedness on the property it was awarded but contends that
elsewhere he was specifically ordered to pay the indebtedness on a Case tractor
awarded to Jacqueline.  Richard does not identify which debt he was wrongfully
required to assume or which of Jacqueline=s
tractors he was required to finance.

Jacqueline
was awarded two tractors.  These were described as a 1998 Case and a 1996
Case.  The decree requires Richard to pay:

All
purchase money indebtedness owed in connection with the Case tractors herein
awarded to Respondent in the present approximate amounts of $74,643.00 and
$8,977.00.

 

The decree
awards Richard several tractors but does not indicate which two were
encumbered.  We note that Richard=s
first amended inventory and appraisement identifies two tractor loans.  One was
for $74,643 and encumbered a MX 210 Case tractor.  The second was for $8,977
and encumbered a 7230 Case tractor.  Among the tractors awarded Richard are a
Case IH MX 210, a 1996 Case IH 7230 MFWD, and a 1994 Case IH 7230 MFWD.  In his
inventory and appraisement, Richard valued the 1996 7230 at $25,500 and the
1994 7230 at $23,000.

The
MX 210 Richard was awarded and the $74,643 debt he was obligated to assume are
clearly connected.  The $8,977 debt could be associated with either of the 7230
tractors he received.  Nothing in the decree suggests that this debt was
associated with either the 1996 or 1998 Case tractors Jacqueline received;
thus, no conflict was shown.

Richard
next complains that he was awarded the equipment purchased after separation but
that Jacqueline received the gooseneck trailer.  There is no conflict between
these two awards.  Richard was awarded A[a]ll
cattle working equipment bought after separation and in Respondent=s possession.@  Jacqueline was awarded a AGoose neck trailer.@  The decree does not
indicate that the gooseneck trailer was used for working cattle, that it was
purchased by Richard after the parties=
separation, or that it was in his possession.  








Finally,
Richard complains that several of his awards are transparent awards that are of
no value.  Even if we assume that his description of the decree is correct,
Richard has identified no other conflicting provision of the decree but merely
restates his criticism of the division of assets.  Issue four is overruled.

                                                         V.
Holding

            The
judgment of the trial court is affirmed.

                                                                              

 

RICK STRANGE

JUSTICE

 

March 27, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]Richard=s motion refers to three affidavits.  The clerk=s record contains only the affidavit of Jacob Redekop. 
Because the presence of the motion itself confirms our jurisdiction and because
Richard does not challenge the denial of his motion, it is unnecessary for us
to abate this appeal and request a supplemental clerk=s record.  





     [2]Jacqueline suggests
that we affirm because the separate property=s
value is insignificant when compared to the remainder of the marital property. 
The same reasoning that prevents us from considering Richard=s valuation arguments prevents us from accepting
Jacqueline=s de minimis value contention.





     [3]See Boyd,
131 S.W.3d at 612.





     [4]Richard=s brief refers us to a specific page of the reporter=s record in support of this contention where the trial
court was orally rendering judgment.  Of the retirement account, the trial
court said: AAs far as the retirement goes, for those of us who were
fortunate enough to go to law school after Berry v. Berry, [647 S.W.2d
945 (Tex. 1983)], we had it pounded into us quite heavily.@  From this comment we can draw no conclusion.





     [5]He also argues
that, if the trial court=s characterization of Jacqueline=s separate property is reversed, her share of the
marital estate rises to 90%.  Because we are affirming the trial court=s characterization of Jacqueline=s property, we will utilize Richard=s 75/25 contention.





     [6]Jacqueline=s brief contains two appendixes.  One is a table
listing the community property awarded to her, and the other lists the
community property awarded to Richard.  The tables include the highest and
lowest values testified to for each asset.  Richard objects to our
consideration of this Anewly minted evidence.@ 
Our holding makes consideration of these tables unnecessary, but we point out
that a summary of the valuation evidence offered at trial cannot be fairly
described as newly minted evidence and thus should not be.





     [7]For example, the
trial court referred to some of the reasons advanced by Richard for a
disproportionate distribution in his favor. The court indicated that it did not
accept his contentions but did not elaborate on why.