Opinion filed May 27, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00296-CV

                                                    __________

 

                           EDWARD
LEROY SIKES, JR., Appellant

 

                                                             V.

 

                                    MOLLY
KAY SIKES, Appellee



 

                                    On
Appeal from the 91st District Court

 

                                                          Eastland
County, Texas

 

                                               Trial
Court Cause No. CV-07-40858

 



 

                                            M
E M O R A N D U M   O P I N I O N

This
is a divorce proceeding.  The trial court granted the parties a divorce and
divided their assets and liabilities.  We affirm in part, modify and affirm in
part, reverse and render in part, and vacate and remand in part.

I. 
Background Facts

Edward
Leroy Sikes, Jr. filed a petition for divorce against Molly Kay Sikes.  Molly
responded with a counter-petition.  Edward claimed a residence as his separate
property.  Molly claimed unidentified property as her separate property,
requested a disproportionate share of the community property, and requested
reimbursement and economic contribution.

The
trial court set the case for a final hearing.  Molly and her counsel appeared,
but Edward and his counsel did not.  The trial court was advised that Edward’s
counsel was in the hospital; however, at Molly’s request, it proceeded with the
final hearing.  The trial court heard testimony and then entered a final
divorce decree.  The trial court awarded the residence to Edward and awarded
Molly two tracts of land, thirteen oil and gas leases, an $8,500 lien for
economic contribution, and a $25,000 lien for reimbursement.

II. 
Issues Presented

Edward
challenges the divorce decree with three issues.  Edward contends that the
trial court abused its discretion by not resetting the final hearing when it
learned that his counsel was hospitalized, that the trial court erred when it
awarded his separate property to Molly, and that the trial court erred when it
awarded Molly economic contribution.

III.  Resetting the Hearing

When
neither Edward nor his counsel appeared for the final hearing, Molly’s counsel
advised the trial court that he had provided opposing counsel notice of the
final hearing by certified mail; that he had a signed receipt; and that, when
Edward’s counsel did not appear, he contacted his office and was told that
counsel was on the way.  Molly’s counsel stated that, when he later heard that
Edward’s counsel might be hospitalized, he contacted him and learned that he
was waiting in the hospital.  Molly’s counsel said that he offered to reset the
hearing for the afternoon but that Edward’s counsel declined because he was
waiting on the doctor for a test and was unsure when he would be out of the
hospital.  Molly’s counsel then requested the trial court to proceed with the
final hearing.

The
trial court stated that ordinarily it would not conduct a hearing when counsel
was hospitalized or seeking medical treatment but:

[H]aving
approximately 20 years of experience with [trial counsel],[1]
having witnessed many times when at the last minute when he’s not prepared for
proceedings, he will go to a doctor, go to the hospital, call and say that he
has to attend a funeral or make some other excuse, lie, engage in some other
kind of deception, I’m very skeptical of his situation and have decided that we
will proceed this morning, but with an understanding (footnote added). 

 

The
trial court announced that, upon proper proof that Edward’s counsel was
suffering a medical crisis or condition that prevented him from attending the
final hearing, it would grant a new trial.

Edward
filed a motion for new trial and asserted that his counsel had been ill and
hospitalized for over four days.  The motion was supported by the affidavit of
Edward’s sister and was sworn to by counsel; however, Edward tendered no
medical records or other independent confirmation of counsel’s medical
condition or treatment.  Edward’s motion was overruled by operation of law.  Edward
does not challenge the denial of his motion for new trial but, instead,
contends that the trial court abused its discretion by not resetting the final
hearing after learning that his counsel was hospitalized.    

A
trial court abuses its discretion when it acts without reference to any guiding
rules or principles or acts in an arbitrary or unreasonable manner.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The trial
court did not abuse its discretion by proceeding with the final hearing. 
First, Tex. R. Civ. P. 253
specifically provides that absence of counsel is not good cause for a
continuance except as allowed in the discretion of the trial court upon cause shown. 
Second, the trial court was skeptical of counsel’s medical excuse.  We must
give appropriate deference to the trial court’s credibility determination.  Henry
Schein, Inc. v. Stromboe, 102 S.W.3d 675, 691 (Tex. 2002).   In this case,
the record supports the court’s skepticism because it establishes that Edward
and his counsel also failed to attend two pretrial hearings.  Finally, even
though the trial court announced that it would favorably consider a motion for
new trial supported by evidence other than counsel’s own affidavit, Edward
never provided any medical records or other documentation confirming his
counsel’s medical problem.  Thus, the trial court did not act in an arbitrary
or unreasonable manner. Issue one is overruled.

IV.  Separate Property
Characterization

Edward
next argues that the trial court erred by awarding his separate real property
to Molly pointing to her testimony that he inherited this land before their
marriage.  Molly responds that this issue has not been preserved because Edward
did not request findings of fact or conclusions of law.  We cannot agree that
Edward waived his ability to challenge the trial court’s property division by
not requesting findings of fact.  When findings have not been filed or
requested, the judgment of the trial court after a bench trial implies all
necessary findings of fact to support itself.  Schoeffler v. Denton, 813
S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no writ).  It is Edward’s
burden to show that the trial court’s judgment cannot be supported by any legal
theory raised by the evidence.  Point Lookout W., Inc. v. Whorton, 742
S.W.2d 277, 279 (Tex. 1987).

 Trial
courts must order a division of the estate of the parties in a manner that the
court deems just and right.  Tex. Fam. Code
Ann. § 7.001 (Vernon 2006).  However, the trial court may divide only
the parties’ community property.  Jacobs v. Jacobs, 687 S.W.2d 731, 733
(Tex. 1985).  Property possessed by either spouse in the course of marriage is
presumed to be community property.  Tex.
Fam. Code Ann. § 3.003(a) (Vernon 2006).  To overcome the community
property presumption, a party claiming marital property as separate property
must prove the claim with clear and convincing evidence.  Section 3.003(b).  Separate
property includes property owned by a spouse before marriage.  See Tex. Const. art. XVI, § 15.  The
characterization of property as community or separate is determined by the
inception of title, i.e., when a party first has a right of claim to the
property by virtue of which title is finally vested.  Tex. Fam. Code Ann. § 3.404(a) (Vernon Supp. 2009).  

Molly
identified a 30.7-acre tract of land and a 73.8-acre tract of land during her
testimony.  She testified that they were originally Edward’s and that they were
given to him when his father died.  This testimony establishes that the two
tracts were Edward’s separate property.  The trial court, however, awarded both
tracts to Molly.  It is well settled that trial courts may not divest a party
of its separate property when ordering a division of property.  See
Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 142 (Tex. 1977).  The trial court,
therefore, erred when it mischaracterized the two tracts.

Mischaracterization
of separate property as community property does not necessarily require
reversal of a judgment.  Magill v. Magill, 816 S.W.2d 530, 533 (Tex.
App.—Houston [1st Dist.] 1991, writ denied).  But, in this instance, it is
clear that the mischaracterization had more than a de minimis effect
because Molly’s testimony established that the two tracts represented a
sizeable portion of the couple’s assets.  See Vandiver v. Vandiver, 4
S.W.3d 300, 302 (Tex. App.—Corpus Christi 1999, pet. denied)
(mischaracterization is not reversible unless it has more than a de minimis
effect on a just and right division).  Edward’s second issue is sustained. 

V. 
Economic Contribution 

Edward
complains in his third issue that the trial court erred by awarding Molly an
$8,500 lien for economic contribution of the community estate to Edward’s
estate because there was insufficient evidence to justify the award.  When the
community estate enhances property owned by a separate estate, the community
estate may make a claim for economic contribution.[2] 
Molly testified that, when she and Edward separated, she was required to leave
several personal items that belonged to her before the marriage, that they were
worth $8,500, and that they had been disposed of because they were no longer at
the residence.

Capital
improvements and debt reduction can give rise to an economic contribution
claim.  There was some evidence of both.  Molly testified that she and her sons
built fences on the tracts.  She also testified that Edward’s property was
mortgaged when they were married and that she helped pay off his mortgage.  But,
there was no evidence to quantify either form of economic contribution.  When
the economic contribution represents capital improvements, the spouse seeking a
recovery must produce evidence of the net equity of the separate property as of
the date of the first economic contribution by the community estate, the amount
of economic contributions by the marital estate, and the net equity of the
separate property as of the date of divorce.  See Garcia v. Garcia, 170
S.W.3d 644 (Tex. App.—El Paso 2005, no pet.) (explaining how to calculate an
economic contribution award).  When the contribution is from debt payments, the
claim is measured by the reduction of the principal amount of the debt secured
by a lien on property owned before marriage, to the extent the debt existed at
the time of marriage.  In re Marriage of Cigainero, 305 S.W.3d 798, 799
(Tex. App.—Texarkana 2010, no pet.). Molly’s testimony is insufficient to
establish a claim for economic contribution because she did not provide the
court with any equity evidence, the value of the improvements, or the amount of
debt that was paid by the community estate.

The
trial court could, however, have concluded that the lost personal items were
Molly’s separate property and that Edward disposed of them during the pendency
of the divorce.   If so, this would support a reimbursement award.  See
Garcia, 170 S.W.3d at 650 (an equitable right of reimbursement arises when
the funds or assets of one estate are used to benefit and enhance another
estate without itself receiving some benefit).  The trial court did award Molly
a $25,000 lien for reimbursement – an award Edward does not challenge on
appeal. But there was sufficient evidence to distinguish this award from the
$8,500 claim.  Molly testified that she had a house and five acres of land
prior to the marriage, that her equity was approximately $25,000, and that this
property was sold to pay Edward’s criminal defense costs.

 In Garcia,
170 S.W.3d at 652, the court held that mislabeling an award as reimbursement
rather than economic contribution did not require reversal because there were
pleadings supporting the evidence, the evidence supported the implied findings
of fact, and the findings support the judgment.  The same situation is present
in this case.  Molly pleaded a reimbursement claim, and the evidence supports
an implied finding that her separate estate benefitted his and that it did not
receive a reciprocal benefit.  This implied finding supports the trial court’s
division of the marital estate.  Edward’s third issue is overruled.

VI.  Conclusion

The
portion of the divorce decree awarding Molly Kay Sikes a $25,000 lien for
reimbursement is affirmed.  The portion of the divorce decree awarding Molly a
lien for $8,500 representing economic contribution of the community estate to
Edward Leroy Sikes, Jr.’s separate estate is modified to reflect that the lien
is for reimbursement to Molly’s separate estate.  As modified, that portion of
the divorce decree is affirmed.  The portions of the divorce decree awarding
Molly the 30.7-acre tract of land and the 73.8-acre tract of land are
reversed.  This court renders judgment that these tracts are Edward’s separate
property.  To the extent that our holding affects the just and right division
of the community estate, the remaining portions of the divorce decree pertaining
to the division of property are vacated and remanded to the trial court.

 

                                                                                    

RICK
STRANGE

                                                                                    JUSTICE

 

May 27, 2010

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J.









                [1]Edward
retained separate counsel for this appeal.





                [2]The
statute providing for claims based upon economic contribution has been recently
repealed.  Tex. Fam. Code  § 3.403,
repealed by Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 11(3), 2009
Tex. Gen. Laws 1950, 1953 (eff. Sept. 1, 2009).  The repealed text of the
statute is effective for this case because it was filed before September 1,
2009.