NO. 07-05-0183-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 26, 2006
_____

IN THE MATTER OF THE MARRIAGE OF
DEBBIE TARDY ROHLING AND FRED A. ROHLING
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-528,058; HONORABLE DAVID GLEASON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Debbie Tardy Rohling, appeals the trial court's classification of property and the award of reimbursement to appellee, Fred A. Rohling. We reverse and remand to the trial court for further proceedings consistent with this opinion.

Background

Debbie and Fred were married on June 28, 2003. Prior to the wedding date, the parties signed a premarital agreement that identified certain property as the parties' separate property, and set out provisions for the division of community property upon the dissolution of the marriage. At or near the wedding date, Fred purchased four items: a

1972 Chevrolet Chevelle, a Clark forklift, a 1991 Toyota Celica, and a 1982 Chevrolet Blazer. During this same time period, Fred also sold his home and shop building, and maintained the cash proceeds in an account as separate property.

During the course of the marriage, the parties purchased community property including a home and home furnishings. Additionally, the couple purchased a new shop for which Fred paid approximately $10,000 as a down payment. After approximately fifteen months of marriage, Debbie filed for divorce in October 2004 and the parties were divorced on February 3, 2005.

On appeal, Debbie raises three issues. Debbie contends that during the divorce proceedings the trial court erred in (1) allowing two documents into evidence because the documents were hearsay; (2) awarding Fred the four items purchased at or near the time of the wedding because there was no evidence to support the characterization of the property as Fred's separate property or, in the alternative, such characterization was contrary to the overwhelming weight of the evidence; and (3) awarding $15,000 to Fred as economic contribution and reimbursement of his separate property for enhancement of the community estate because such an award was contrary to the overwhelming weight of the evidence.

## Admission of Evidence

Evidentiary rulings admitting or excluding evidence are committed to the trial court's sound discretion. See Texas Dep't of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000); City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its

2

discretion when it acts without regard for any guiding rules or principles. <u>Alvarado</u>, 897 S.W.2d at 754. An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. <u>Owens-Corning Fiberglas Corp. v. Malone</u>, 972 S.W.2d 35, 43 (Tex. 1998). A case will not be reversed because of an erroneous evidentiary ruling unless the error was harmful, that is, unless it probably caused the rendition of an improper judgment. <u>See</u> TEX. R. APP. P. 44.1(a); <u>see also</u> <u>Able</u>, 35 S.W.3d at 617; <u>Malone</u>, 972 S.W.2d at 43. A successful challenge to an evidentiary ruling usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. <u>See</u> <u>Able</u>, 35 S.W.3d at 617; <u>Alvarado</u>, 897 S.W.2d at 753-54.

Debbie properly objected to the admission of two receipts related to the purchase of the 1972 Chevrolet Chevelle and forklift as hearsay. <u>See</u> TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1. Fred did not raise before the trial court an exception to the hearsay rule, and we find no applicable hearsay exception. <u>See</u> TEX. R. EVID. 803-804. Therefore, the trial court failed to follow guiding rules and principles in overruling Debbie's hearsay objection. Without the receipts, Fred had no other written evidence supporting his contention that the Chevelle and the forklift were his separate property. Thus, the admission of the receipts was harmful and probably caused the rendition of an improper judgment, as we will further elaborate in the next section.

Characterization of Property

Property possessed by either spouse on dissolution of marriage is presumed to be community property and, to overcome this presumption, a party must establish by clear

and convincing evidence that the disputed property is separate property.  See TEX. FAM. CODE ANN. § 3.003 (Vernon 1998).[1]  Clear and convincing evidence is defined as that "measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007.  Mere testimony that property was purchased with separate property funds, without a tracing of the funds, is generally insufficient to rebut the community presumption.  Zagorski v. Zagorski, 116 S.W.3d 309, 316 (Tex.App.–Houston [14th Dist.] 2003, pet. denied).

Debbie contends that the four disputed items were purchased after marriage and are, thus, community property.  In contrast, Fred testified that the vehicles and forklift were purchased prior to marriage and are, thus, separate property.  Considering that the only written evidence concerning the chararcterization of this property were the two receipts that we have determined were erroneously admitted, the only remaining evidence of the property's characterization was the testimony of the parties.  We conclude that Fred's mere testimony that the property was purchased with separate property funds, without tracing of the funds, was insufficient to rebut the community presumption.  Zagorski, 116 S.W.3d at 316.  Therefore, Fred failed to overcome the community presumption as to each of the four items found by the trial court to have been Fred's separate property.  Since Fred failed to present any tracing evidence to overcome the community presumption, the trial court could not have formed a firm belief or conviction that the items were Fred's separate property.  Therefore, we conclude that the trial court erred in characterizing the forklift,

---

[1] Further reference to sections of the Texas Family Code will be by reference to "§ ___."

4

Chevelle, Celica, and Blazer as Fred's separate property because the trial court acted without reference to any guiding rules or principles. See Alvarado, 897 S.W.2d at 754.

Reimbursement of economic contribution claim

Reimbursement is an equitable doctrine and a court of equity is bound to look at all the facts and circumstances to determine what is fair, just and equitable. Penick v. Penick, 783 S.W.2d 194, 197 (Tex. 1988).[2] When separate property is used to enhance the value of the community estate, including the reduction of community debt, the spouse whose separate property was used has an equitable right of reimbursement. Boyd v. Boyd, 131 S.W.3d 605, 612-13 (Tex.App.–Fort Worth 2004, no pet.). However, the party claiming a right to reimbursement has the burden of tracing and identifying the separate nature of the funds expended to reduce the community debt. Id. at 614-15. When a trial court must surmise or speculate, based solely on a party's testimony, that a party's separate property was expended to benefit the community, the community presumption will prevail. See generally id. at 616-17.

Fred testified that he used his separate funds as a down payment on the new shop and that he renovated the shop using his separate funds and, thus, was entitled to reimbursement. However, no documentary evidence was submitted to the trial court to

---

[2] The use of separate property in the acquisition of property during marriage gives the contributing spouse equitable title to the extent the contribution is not a gift. Contributing separate funds as a down payment on real estate does not constitute an economic contribution under section 3.401 of the Texas Family Code. See Garcia v. Garcia, 170 S.W.3d 644, 650 (Tex.App.–El Paso 2005, no pet.) (citing In the Matter of the Marriage of Royal, 107 S.W.3d 846, 851-52 (Tex.App.–Amarillo 2003, no pet.)).

trace or identify the source of the funds used as a down payment on the shop. See id. at 615.[3] We conclude that Fred failed to prove his right to reimbursement by failing to trace and identify the separate nature of the funds; hence, the trial court erred in awarding $15,000 to Fred as reimbursement for any payment on the purchase of the new shop. See id. at 616.

## Harm Analysis

Having concluded that the trial court erred in the characterization of the four items purchased near the wedding date as Fred's separate property, as well as concluding that the trial court erred in awarding reimbursement to Fred for monies paid as a down payment on a new shop, we now review those errors for harm. In reviewing an alleged characterization error, we must determine not only whether the trial court's findings are supported by clear and convincing evidence, but also whether the characterization error, if established, constitutes more than a *de minimis effect*. See id. at 617. Mere mischaracterization of community property as separate property does not require reversal. See id. If the mischaracterization has more than a *de minimis* effect on the just and right division of the community estate, then we must remand the entire case to the trial court for a just and right division based upon the correct characterization of the property. See id. Additionally, an erroneous reimbursement of economic contribution may also affect the just and right division of property. Id. at 618.

---

[3] Further indication that Texas case law weighs in favor of community property is the rule that when separate property is used to acquire jointly titled property during marriage, one half of the separate property is presumed to have been gifted to the other spouse unless rebutted by evidence. See In re Marriage of Royal, 107 S.W.3d at 851.

Depending on the differing values assessed by the parties, and the values used by the court, the four items designated by the trial court as Fred's separate property made up 10 to 25 percent of the total community estate.[4] When we include the erroneous reimbursement from the community estate to Fred's separate estate with the mischaracterization of the four items purchased at or near the wedding date, 20 to 30 percent of the total community estate value was affected by the trial court's erroneous rulings. Accordingly, we conclude that the trial court's rulings had more than a *de minimis* effect on the division of the community estate, and as such, the division was so unjust and unfair as to require us to remand the entire case to the trial court for a just and right division based upon a correct characterization of the property. See id.

## Conclusion

For the foregoing reasons, we reverse and remand this case to the trial court for a just and right division of the community estate.

Mackey K. Hancock
Justice

---

[4] For calculation purposes, we netted the value of the community property, including the home and new shop, against the outstanding mortgages on those properties. The total estimated value of the community assets is between $124,000 to $144,000.