**Opinion filed May 27, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00296-CV

_____

## EDWARD LEROY SIKES, JR., Appellant

## V.

## MOLLY KAY SIKES, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. CV-07-40858**

### M E M O R A N D U M   O P I N I O N

This is a divorce proceeding. The trial court granted the parties a divorce and divided their assets and liabilities. We affirm in part, modify and affirm in part, reverse and render in part, and vacate and remand in part.

### I. Background Facts

Edward Leroy Sikes, Jr. filed a petition for divorce against Molly Kay Sikes. Molly responded with a counter-petition. Edward claimed a residence as his separate property. Molly

claimed unidentified property as her separate property, requested a disproportionate share of the community property, and requested reimbursement and economic contribution.

The trial court set the case for a final hearing. Molly and her counsel appeared, but Edward and his counsel did not. The trial court was advised that Edward's counsel was in the hospital; however, at Molly's request, it proceeded with the final hearing. The trial court heard testimony and then entered a final divorce decree. The trial court awarded the residence to Edward and awarded Molly two tracts of land, thirteen oil and gas leases, an $8,500 lien for economic contribution, and a $25,000 lien for reimbursement.

## II. Issues Presented

Edward challenges the divorce decree with three issues. Edward contends that the trial court abused its discretion by not resetting the final hearing when it learned that his counsel was hospitalized, that the trial court erred when it awarded his separate property to Molly, and that the trial court erred when it awarded Molly economic contribution.

## III. Resetting the Hearing

When neither Edward nor his counsel appeared for the final hearing, Molly's counsel advised the trial court that he had provided opposing counsel notice of the final hearing by certified mail; that he had a signed receipt; and that, when Edward's counsel did not appear, he contacted his office and was told that counsel was on the way. Molly's counsel stated that, when he later heard that Edward's counsel might be hospitalized, he contacted him and learned that he was waiting in the hospital. Molly's counsel said that he offered to reset the hearing for the afternoon but that Edward's counsel declined because he was waiting on the doctor for a test and was unsure when he would be out of the hospital. Molly's counsel then requested the trial court to proceed with the final hearing.

The trial court stated that ordinarily it would not conduct a hearing when counsel was hospitalized or seeking medical treatment but:

> [H]aving approximately 20 years of experience with [trial counsel],[1] having witnessed many times when at the last minute when he's not prepared for proceedings, he will go to a doctor, go to the hospital, call and say that he has to attend a funeral or make some other excuse, lie, engage in some other kind of deception, I'm very skeptical of his situation and have decided that we will proceed this morning, but with an understanding (footnote added).

---

[1]Edward retained separate counsel for this appeal.

2

The trial court announced that, upon proper proof that Edward's counsel was suffering a medical crisis or condition that prevented him from attending the final hearing, it would grant a new trial.

Edward filed a motion for new trial and asserted that his counsel had been ill and hospitalized for over four days. The motion was supported by the affidavit of Edward's sister and was sworn to by counsel; however, Edward tendered no medical records or other independent confirmation of counsel's medical condition or treatment. Edward's motion was overruled by operation of law. Edward does not challenge the denial of his motion for new trial but, instead, contends that the trial court abused its discretion by not resetting the final hearing after learning that his counsel was hospitalized.

A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The trial court did not abuse its discretion by proceeding with the final hearing. First, TEX. R. CIV. P. 253 specifically provides that absence of counsel is not good cause for a continuance except as allowed in the discretion of the trial court upon cause shown. Second, the trial court was skeptical of counsel's medical excuse. We must give appropriate deference to the trial court's credibility determination. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 691 (Tex. 2002). In this case, the record supports the court's skepticism because it establishes that Edward and his counsel also failed to attend two pretrial hearings. Finally, even though the trial court announced that it would favorably consider a motion for new trial supported by evidence other than counsel's own affidavit, Edward never provided any medical records or other documentation confirming his counsel's medical problem. Thus, the trial court did not act in an arbitrary or unreasonable manner. Issue one is overruled.

*IV. Separate Property Characterization*

Edward next argues that the trial court erred by awarding his separate real property to Molly pointing to her testimony that he inherited this land before their marriage. Molly responds that this issue has not been preserved because Edward did not request findings of fact or conclusions of law. We cannot agree that Edward waived his ability to challenge the trial court's property division by not requesting findings of fact. When findings have not been filed or requested, the judgment of the trial court after a bench trial implies all necessary findings of fact to support itself. *Schoeffler v. Denton*, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.]

1991, no writ). It is Edward's burden to show that the trial court's judgment cannot be supported by any legal theory raised by the evidence. *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex. 1987).

Trial courts must order a division of the estate of the parties in a manner that the court deems just and right. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). However, the trial court may divide only the parties' community property. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). Property possessed by either spouse in the course of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2006). To overcome the community property presumption, a party claiming marital property as separate property must prove the claim with clear and convincing evidence. Section 3.003(b). Separate property includes property owned by a spouse before marriage. *See* TEX. CONST. art. XVI, § 15. The characterization of property as community or separate is determined by the inception of title, i.e., when a party first has a right of claim to the property by virtue of which title is finally vested. TEX. FAM. CODE ANN. § 3.404(a) (Vernon Supp. 2009).

Molly identified a 30.7-acre tract of land and a 73.8-acre tract of land during her testimony. She testified that they were originally Edward's and that they were given to him when his father died. This testimony establishes that the two tracts were Edward's separate property. The trial court, however, awarded both tracts to Molly. It is well settled that trial courts may not divest a party of its separate property when ordering a division of property. *See Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977). The trial court, therefore, erred when it mischaracterized the two tracts.

Mischaracterization of separate property as community property does not necessarily require reversal of a judgment. *Magill v. Magill*, 816 S.W.2d 530, 533 (Tex. App.—Houston [1st Dist.] 1991, writ denied). But, in this instance, it is clear that the mischaracterization had more than a *de minimis* effect because Molly's testimony established that the two tracts represented a sizeable portion of the couple's assets. *See Vandiver v. Vandiver*, 4 S.W.3d 300, 302 (Tex. App.—Corpus Christi 1999, pet. denied) (mischaracterization is not reversible unless it has more than a *de minimis* effect on a just and right division). Edward's second issue is sustained.

*V. Economic Contribution*

Edward complains in his third issue that the trial court erred by awarding Molly an $8,500 lien for economic contribution of the community estate to Edward's estate because there was insufficient evidence to justify the award. When the community estate enhances property owned by a separate estate, the community estate may make a claim for economic contribution.[2] Molly testified that, when she and Edward separated, she was required to leave several personal items that belonged to her before the marriage, that they were worth $8,500, and that they had been disposed of because they were no longer at the residence.

Capital improvements and debt reduction can give rise to an economic contribution claim. There was some evidence of both. Molly testified that she and her sons built fences on the tracts. She also testified that Edward's property was mortgaged when they were married and that she helped pay off his mortgage. But, there was no evidence to quantify either form of economic contribution. When the economic contribution represents capital improvements, the spouse seeking a recovery must produce evidence of the net equity of the separate property as of the date of the first economic contribution by the community estate, the amount of economic contributions by the marital estate, and the net equity of the separate property as of the date of divorce. *See Garcia v. Garcia*, 170 S.W.3d 644 (Tex. App.—El Paso 2005, no pet.) (explaining how to calculate an economic contribution award). When the contribution is from debt payments, the claim is measured by the reduction of the principal amount of the debt secured by a lien on property owned before marriage, to the extent the debt existed at the time of marriage. *In re Marriage of Cigainero*, 305 S.W.3d 798, 799 (Tex. App.—Texarkana 2010, no pet.). Molly's testimony is insufficient to establish a claim for economic contribution because she did not provide the court with any equity evidence, the value of the improvements, or the amount of debt that was paid by the community estate.

The trial court could, however, have concluded that the lost personal items were Molly's separate property and that Edward disposed of them during the pendency of the divorce. If so, this would support a reimbursement award. *See Garcia*, 170 S.W.3d at 650 (an equitable right of reimbursement arises when the funds or assets of one estate are used to benefit and enhance another estate without itself receiving some benefit). The trial court did award Molly a $25,000

---

[2]The statute providing for claims based upon economic contribution has been recently repealed. TEX. FAM. CODE § 3.403, *repealed by* Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 11(3), 2009 Tex. Gen. Laws 1950, 1953 (eff. Sept. 1, 2009). The repealed text of the statute is effective for this case because it was filed before September 1, 2009.

lien for reimbursement – an award Edward does not challenge on appeal. But there was sufficient evidence to distinguish this award from the $8,500 claim. Molly testified that she had a house and five acres of land prior to the marriage, that her equity was approximately $25,000, and that this property was sold to pay Edward's criminal defense costs.

In *Garcia*, 170 S.W.3d at 652, the court held that mislabeling an award as reimbursement rather than economic contribution did not require reversal because there were pleadings supporting the evidence, the evidence supported the implied findings of fact, and the findings support the judgment. The same situation is present in this case. Molly pleaded a reimbursement claim, and the evidence supports an implied finding that her separate estate benefitted his and that it did not receive a reciprocal benefit. This implied finding supports the trial court's division of the marital estate. Edward's third issue is overruled.

## *VI. Conclusion*

The portion of the divorce decree awarding Molly Kay Sikes a $25,000 lien for reimbursement is affirmed. The portion of the divorce decree awarding Molly a lien for $8,500 representing economic contribution of the community estate to Edward Leroy Sikes, Jr.'s separate estate is modified to reflect that the lien is for reimbursement to Molly's separate estate. As modified, that portion of the divorce decree is affirmed. The portions of the divorce decree awarding Molly the 30.7-acre tract of land and the 73.8-acre tract of land are reversed. This court renders judgment that these tracts are Edward's separate property. To the extent that our holding affects the just and right division of the community estate, the remaining portions of the divorce decree pertaining to the division of property are vacated and remanded to the trial court.

RICK STRANGE
JUSTICE

May 27, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6