# NO. 12-16-00190-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF E.T.,* | § | *APPEAL FROM THE 321ST* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

S.J. appeals the termination of her parental rights. In one issue, she argues that the trial court abused its discretion by issuing an order of termination based on a mediated settlement agreement because she was not represented by counsel at the mediation. We affirm.

## BACKGROUND

S.J. and W.T. are the parents of E.T.[1] On June 25, 2015, the Department of Family and Protective Services (the Department) filed an original petition for protection of the child, for conservatorship, and for termination of S.J.'s parental rights. The Department was appointed temporary managing conservator of the child, and S.J. was appointed temporary possessory conservator with limited rights and duties.

On July 9, 2015, S.J. completed an affidavit of indigence and request for a court-appointed attorney. The trial court appointed an attorney ad litem to represent her. Shortly thereafter, S.J.'s appointed attorney ad litem moved to withdraw, stating that S.J. had retained new counsel. The trial court issued an order finding that "good cause exist[ed]" for the attorney ad litem to withdraw and recognized S.J.'s retained counsel as counsel of record. S.J.'s retained counsel represented her until sometime after December 2015. In early 2016, S.J. retained another attorney. During a permanency hearing in April 2016, the trial court set the case for mediation on May 27. Approximately one week before the mediation, S.J. fired her attorney. On the day before the

---

[1] The father, W.T., is not a party to this appeal.

mediation, S.J.'s attorney filed a motion to withdraw, and the trial court signed an order granting the motion on that same date. The mediation took place as scheduled and S.J. attended pro se. The resulting mediation settlement agreement (MSA) included an agreement that S.J. would complete an affidavit of relinquishment of parental rights and an agreement regarding future visitation and contact between S.J. and the child. In accordance with the MSA, S.J. signed an affidavit of voluntary relinquishment. At a hearing regarding the MSA, S.J. requested that the MSA be modified and stated that she did not have counsel during mediation. The trial court refused her request, stating that it was prohibited by law from changing the terms of the MSA.

Accordingly, the trial court found, by clear and convincing evidence, that by executing an unrevoked or irrevocable affidavit of relinquishment, S.J. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsection (K) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between S.J. and E.T. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between S.J. and E.T. be terminated. This appeal followed.

## MEDIATED SETTLEMENT AGREEMENT

In her sole issue on appeal, S.J. argues that the trial court abused its discretion by issuing an order of termination based on the MSA because she was not represented by counsel at the mediation.

### Standard of Review

We review the trial court's issuance of a termination order pursuant to an MSA under an abuse of discretion standard. *See Garcia v. Garcia*, 170 S.W.3d 644, 648 (Tex. App.—El Paso 2005, no pet.); *Garcia–Udall v. Udall*, 141 S.W.3d 323, 331-32 (Tex. App.—Dallas 2004, no pet.) (trial court has no discretion to vary from terms of MSA). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### Applicable Law

In a suit filed by a government entity in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of an indigent parent of the child who responds in opposition to the termination. *See* TEX. FAM. CODE ANN.

§ 107.013(a)(1) (West Supp. 2016).  An attorney appointed to serve as an attorney ad litem for a parent continues to serve in that capacity until the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record.  *See id.* § 107.016(2) (West 2014).  At the status hearing and at each permanency hearing held after the date the court renders a temporary order appointing the Department as temporary managing conservator of the child, the court shall inform each parent not represented by an attorney of the right to be represented by an attorney, and if a parent is indigent and appears in opposition to the suit, the right to a court-appointed attorney.  *See id.* § 263.0061(a) (West 2014).

An MSA is binding on the parties if it (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.  *See id.* § 153.0071(d) (West 2014).  If an MSA meets the requirements of section 153.0071(d), a party is entitled to judgment on the MSA.  *See id.* § 153.0071(e).

**Analysis**

In this case, the record shows that the trial court appointed an attorney ad litem to represent S.J.  *See id.* § 107.013(a)(1).  When S.J. obtained retained counsel, the trial court found that "good cause exist[ed]" and allowed the attorney ad litem to withdraw.  *See id.* § 107.016(2).  Therefore, the trial court did not violate its duty towards S.J. regarding representation before the mediation.  *See id.* § 107.013(a)(1), 107.016(2).

Later, S.J. chose to retain her own counsel, hired two different attorneys, and ultimately fired both of them.  She fired her second attorney by email on May 19, 2016, and the attorney filed a motion to withdraw on May 26.  A copy of S.J.'s email stating that counsel was "fired" is attached as an exhibit to the motion, and the certificate of service shows that counsel sent S.J. a copy of the motion on May 25.  The trial court granted the motion on May 26, and the mediation was scheduled for May 27.

S.J. does not argue on appeal that counsel's motion to withdraw should not have been granted.  Instead, she contends that the trial court abused its discretion by issuing an order of termination based on the MSA because she was not represented by counsel at the mediation.  S.J. fired her attorney approximately one week before the scheduled mediation.  However, the record does not show that, after S.J. fired her attorney, she asked the trial court to reschedule the

3

mediation or appoint new counsel for her. As a result, she waived her complaint on appeal that "[i]nstead of considering a pauper's affidavit, or simply rescheduling the mediation in order to allow [her] to retain counsel, the trial court allowed the mediation to proceed" and rendered judgment on the MSA. *See* TEX. R. APP. P. 33.1(a) (stating that to present a complaint for appellate review, record must show a complaint was made to the trial court by timely request, objection, or motion).

Even if S.J. had not waived her complaint, however, she could not prevail. S.J. attended the mediation pro se, signed an MSA, and complied with the MSA by signing an affidavit of voluntary relinquishment of parental rights. The MSA included the warning and signatures required by the family code. *See* TEX. FAM. CODE ANN. § 153.0071(d) (providing that MSA is binding if it includes warning of irrevocability and signatures required by subsection (d)). A court may decline to enter a judgment on the MSA only if it finds that (1) a party to the agreement was the victim of family violence, and that circumstance impaired the party's ability to make decisions; and (2) the agreement is not in the child's best interest. *See id*. § 153.0071(e-1) (West 2014). S.J. does not contend that these circumstances are present here. Therefore, the Department was entitled to judgment on the MSA. *See id*. § 153.0071(e) ("If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.").

S.J. maintains that the holding in *In re V.L.B.*, 445 S.W.3d 802 (Tex. App.–Houston [1st Dist.] 2014, no pet.), requires reversal of the termination order in this case. In *V.L.B.*, however, the trial court failed to appoint an attorney ad litem for the indigent parent before proceeding with a trial on the merits even after the parent filed an affidavit of indigence. *Id*. at 807-08. Here, however, the trial court appointed an attorney ad litem for S.J., who ultimately decided to hire and subsequently fire two different attorneys. Thus, the facts in *V.L.B.* are not similar to the facts of this case.

The trial court did not abuse its discretion by issuing the order of termination in accordance with the MSA. Accordingly, we overrule S.J.'s sole issue.

## DISPOSITION

Having overruled S.J.'s sole issue on appeal, we ***affirm*** the judgment of the trial court.

4

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2016**

**NO. 12-16-00190-CV**

**IN THE INTEREST OF E.T., A CHILD**

Appeal from the 321st District Court
of Smith County, Texas (Tr.Ct.No. 15-5146-D)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*