

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00531-CV

George Jeff **ZACHERY**, III,
Appellant

v.

Angela L. **ZACHERY**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 22-390
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: August 20, 2025

AFFIRMED

Appellant George Jeff Zachery, III asserts the trial court erred in its award of custody, possession, and access to three minor children and in making a disproportionate distribution of the marital estate. After reviewing the record and the parties' briefs, we affirm.

**BACKGROUND**

The parties to this appeal were married for over twenty years when they divorced. At the time, they had three minor children at home. Appellant, who is medically retired from the Air Force, contends he was the primary caretaker of the children prior to the separation. Appellee, Angela L. Zachery, who graduated with a doctorate in pharmacy during the marriage and worked full-time, challenges that contention. But, regardless, upon separation, the parents signed an agreed parenting plan which provided each of them equal time with the children. In the end, the trial court granted the divorce on the grounds of cruelty by appellant and named both parents joint managing conservators. It further granted appellee the exclusive rights to: (1) designate the children's primary residence, (2) make decisions regarding their education, (3) consent to medical and mental health care, and (4) receive child support. The trial court granted appellant a standard possession order with regard to the two youngest children, to be extended upon "the successful completion of parent coaching" and a standard possession order with regard to the teenage daughter after "completion of reunification therapy." The trial court also granted an unequal distribution of the community estate, favoring appellee. On appeal, appellant complains of the trial court's rulings as to conservatorship, possession, and access, and its rulings as to the distribution of the community estate.

**STANDARD OF REVIEW**

We review a trial court's determination of conservatorship and property division for an abuse of discretion. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (conservatorship); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981) (property division); *see also Yeandle v. Yeandle*, 2023 WL 6814138, at *3 (Tex. App.—El Paso 2023, no pet.) (mem. op.). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate

case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. Stated differently, the appropriate inquiry is whether the ruling was arbitrary or unreasonable." *Paleaz v. Juarez*, 2014 WL 7183483 (Tex. App.—San Antonio 2014, pet. denied) (mem. op.) (quoting *Garcia v. Garcia*, 170 S.W.3d 644, 649 (Tex. App.—El Paso 2005, no pet.)). "The mere fact that a trial judge may decide a matter within [its] discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* (alteration in original) (quoting *Garcia*, 170 S.W.3d at 649).

Appellant challenges the factual sufficiency of the evidence to support the trial court's judgment. We use the traditional standard of review for factual sufficiency. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (factual sufficiency standard); *see also Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.). However, "factual sufficiency of the evidence [is] not [an] independent ground[] of error, but [a] relevant factor[] in the abuse-of-discretion analysis." *In re C.J.*, 689 S.W.3d 417, 420 (Tex. App.—Dallas 2024, no pet.). When an appellant challenges the factual sufficiency, we determine (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.); *Monroe v. Monroe*, 358 S.W.3d 711, 719 (Tex. App.—San Antonio 2011, pet. denied) (in division of estate context, explaining sufficiency is not independent ground for reversible error, but constitutes a factor relevant to assessment of whether trial court abused discretion). In so doing, we review the evidence in the light most favorable to the trial judge's ruling and indulge every presumption in its favor. *C.J.*, 689 S.W.3d at 420. "If some probative and substantive evidence supports the order, there is no abuse of discretion." *Id.* at 420–21.

**CONSERVATORSHIP, POSSESSION, AND ACCESS**

First, Appellant asserts the trial court abused its discretion in granting Appellee exclusive rights relating to the children's primary residence, education, and health care and imposing a standard possession order. He contends the trial court failed to consider the parenting plan agreed to by the parties during the pendency of the proceeding, failed to consider evidence he contends demonstrated parental alienation by Appellee, unfairly considered his medical condition, and demonstrated a preconceived bias against him.

The best interests of the children is the primary consideration in determining conservatorship, possession, and access. TEX. FAM. CODE §§ 153.002, 153.134; *see Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex. 2002). In determining best interests, the trial court should utilize the *Holley* factors as set forth in *Holley v. Adams*. 544 S.W.2d 367, 371–72 (Tex. 1976). These factors include (a) the desires of the children; (b) the emotional and physical needs of the children now and in the future; (c) the emotional and physical danger to the children now and in the future; (d) the parental abilities of the individuals seeking custody; (e) the programs available to assist these individuals to promote the best interest of the children; (f) the plans for the children by these individuals; (g) the stability of the home; (h) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (i) any excuse for the acts or omissions of the parent. *Id.* Under Texas Family Code section 153.134, the trial court should also consider:

(1) whether the physical, psychological, or emotional needs and development of the children will benefit from the appointment of joint managing conservatorship;

(2) the ability of the parents to give first priority to the welfare of the children and reach shared decisions in the children's best interests;

(3) whether each parent can encourage and accept a positive relationship between the child and the other parent;

(4) whether both parents participated in child rearing before the filing of the suit;

(5) the geographical proximity of the parents' residences;

(6) if the child is 12 years of age or older, the child's preference, if any, regarding the person to have the exclusive right to designate the primary residence of the child; and

(7) any other relevant factor.

TEX. FAM. CODE §§ 153.134.

The trial court, here, interviewed the minor children, which interview was not recorded and is not before us.[1] But we must presume that the statements of the children made during that interview supported the trial court's ultimate decision. *C.J.*, 689 S.W.3d at 422; *see also Strong v. Strong*, 350 S.W.3d 759, 768 (Tex. App.—Dallas 2011, pet. denied).

Further, as the sole arbiter of the credibility of evidence presented and the weight to be given same, the trial court could have believed Mother's account of her role as a caretaker and of the relationship between Father and children and could have discounted Father's account. *See, e.g.*, *Gardner*, 229 S.W.3d at 753 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)). In that vein, we must heed the evidence presented that supports the trial court's rulings based on credibility and weight given to certain testimony. Specifically, there is ample testimony that Father's parenting tactics have negatively affected his relationship with three of his daughters, with him being estranged from the oldest two adult daughters and with him never meeting his two grandchildren. Further, he is currently in counseling with his third oldest daughter, still a minor, who has refused to visit him overnight for almost a year prior to trial. These parenting tactics include misguided efforts to gain and control the attention of the children, unusual punishment strategies, ordering the children to gather their belongings and leave with Mother when the parents fought, and the use of physical chores as punishment to deal with a child's mental health. Mother

---

[1] The parties agreed to not record the in-chambers interviews.

also described Father's conduct during numerous fits of rage, one of which sent the children to hide in the closet.

Father's contention that the trial court ignored the parties' agreement for equal possession time fails when we consider that at trial Mother testified that the arrangement was not working and not in the best interests of the children. Although Father contends the trial court held preconceived biases against him, we find nothing in the record to demonstrate the same. There is also nothing in the record that would demonstrate the trial court unfairly considered his medical condition in determining possession and access. And, while Father asserts the trial court ignored evidence he presented showing parental alienation, we reiterate that the trial judge is the sole arbiter of the credibility of the witnesses and could have simply disbelieved Father's testimony giving it no weight. *City of Keller*, 168 S.W.3d at 819.

Based on the record before us, we cannot hold that the trial court abused its discretion in deviating from the prior agreement for equal possession, granting certain exclusive rights to Mother, and imposing a standard protective order. Appellant's first point of error is overruled.

**Disproportionate Distribution of Estate—Divorce on Ground of Cruelty**

Appellant also contends the trial court wrongfully distributed the community estate in a disproportionate manner. The trial court divided the interests in the two marital homes evenly and ordered that the personal property in the homes also be distributed equally. Mother was awarded her automobile as well as the one purchased by the parents for their teenage daughter and Father was awarded the automobile he drove. Each party was awarded all sums of cash, bank accounts, life insurance, annuities and retirement accounts in their name or possession. Each party was responsible for their own fees and expenses incurred during the course of the litigation and was ordered to pay one-half of the amicus attorney fees.

Per Texas Family Code section 7.001, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAMILY CODE § 7.001; *see, e.g.*, *Murray v. Murray*, No. 04-21-00416-CV, 2023 WL 4095258, at *6 (Tex. App.—San Antonio June 21, 2023, no pet.). In doing so, the trial court enjoys wide discretion in determining what is just and right. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998); *Gardner*, 229 S.W.3d at 756. Only where we find the trial court acted arbitrarily, unreasonably, or without guiding principles of family law will we overturn a trial court's determination. *Gardner*, 229 S.W.3d at 756.

"[T]he party complaining of the trial court's division has the burden of demonstrating that it was so unjust as to constitute a clear abuse of discretion." *Monroe*, 358 S.W.2d at 717 (alteration in original) (quoting *In re Marriage of Palacios*, 358 S.W.3d 662, 663 (Tex. App.—Amarillo 2009, pet. denied)). As an initial matter, the record shows the trial court divided the interests in the two marital homes evenly and ordered that the personal property in the homes also be distributed equally. Moreover, even if the trial court had, as he argues, ignored evidence that appellee moved community property funds to a separate account, he does little to shed light on the disproportionate nature of the division by the trial court. For his own part, he failed to provide in evidence before the trial court an inventory and appraisement of current assets and liabilities awarded to him.

Given the trial court granted divorce on the ground of cruelty by Appellant, the court could have also considered same in making its distribution. TEX. FAM. CODE § 6.002; *Murff*, 615 S.W.2d at 698.[2] "Generally, in a fault-based divorce," such as here, "the trial court may consider the conduct of the errant spouse in making a disproportionate distribution of the marital estate." *See In re Marriage of C.A.S. and D.A.S.*, 405 S.W.3d 373, 392 (Tex. App.—Dallas 2013, no pet.); *see*

---

[2] *See Newberry v. Newberry*, 351 S.W.3d 552, 557 (Tex. App.—El Paso 2011, no pet.) ("A spouse's conduct rises to the level of cruel treatment when his or her conduct renders the couple's living together insupportable.").

*also Lynch v. Lynch*, 540 S.W.3d 107, 130 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (detailing cases in which disproportionate awards were based on adultery, abuse, or misuse of community funds). We have previously affirmed a disproportionate distribution of the estate based on the grounds of cruelty. *See Paleaz,* 2014 WL 7183483, at \*5.

Because the record includes a finding by the trial court of a fault ground for divorce, the trial court appeared to distribute the marital estate evenly, and the record does not establish that the division of property was so disproportionate as to be against the great weight and preponderance of the evidence that it is clearly wrong and unjust, we cannot hold the trial court abused its discretion by how it divided the property. *See Dow Chem. Co.*, 46 S.W.3d at 242; *Monroe*, 358 S.W.2d at 717.

## CONCLUSION

Because the trial court did not abuse its discretion in making its determination of conservatorship, possession, and access, or in dividing the community estate, we affirm the trial court's judgment.

Lori Massey Brissette, Justice